UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CAUDLE AVIATION, INC. | CIVIL ACTION |
| VERSUS | NO. 06-4653 |
| HARTFORD FIRE INSURANCE COMPANY | SECTION "C" (2) |

### ORDER AND REASONS ON MOTIONS

This case presents a dispute triggered by Hurricane Katrina over entitlement to the proceeds of a national flood insurance policy. Two motions are pending before me: (1) the Motion of the Board of Commissioners of the Orleans Levee District (the "Orleans Levee District") to Intervene to assert its own claim to the insurance proceeds, Record Doc. No. 12, and (2) defendant Hartford Fire Insurance Company's ("Hartford") Motion for Leave to File Counterclaim and Third Party Demand, Record Doc. No. 10, in which the insurer seeks, among other things, a declaration as to which of the two competing claimants to the policy proceeds should be paid. Plaintiff, Caudle Aviation, Inc. ("Caudle"), the original claimant to the policy's proceeds, filed a written opposition to both motions. Record Doc. No. 15. The Orleans Levee District and Hartford each received leave to file a reply memorandum. Record Doc. Nos. 16, 17, 19, 20. Caudle received leave to file a supplemental memorandum. Record Doc. No. 22.

For the following reasons, IT IS ORDERED that both motions are GRANTED.

In the first motion, the Orleans Levee District seeks to intervene to assert claims against both Caudle and Hartford.  Rule 24(a)(2) of the Federal Rules of Civil Procedure provides that, upon <u>timely</u> application, anyone shall be permitted to intervene in an action:

> when the applicant claims an interest relating to the property or transaction which is the subject of the action and the applicant is so situated that the disposition of the action may as a practical matter impair or impede the applicant's ability to protect that interest, unless the applicant's interest is adequately represented by existing parties.

Fed. R. Civ. P. 24(a)(2).

The concept of "timeliness" in connection with motions for leave to intervene is a flexible one that is left to the sound discretion of the trial court.  7C C. Wright, A. Miller, M. Kane, <u>Federal Practice and Procedure</u> § 1916 at 422 (West 1986) (hereinafter "Wright & Miller") (citing <u>McDonald v. E.J. Lavino Co.</u>, 430 F.2d 1065, 1074 (5th Cir. 1970)).  In exercising its discretion, the court considers a variety of factors, including whether the intervention is permissive or of right; whether the applicant was in a position to seek intervention at an earlier stage of the case; whether the delay in seeking to intervene has been undue in light of the applicant's awareness of the litigation; whether the delay in seeking the intervention will prejudice the existing parties to the lawsuit and the would-be intervenor; whether permitting the intervention will delay termination of the litigation; and any unusual circumstances that bear upon the timeliness of the

application.  Save Our Springs Alliance Inc. v. Babbitt, 115 F.3d 346, 347 (5th Cir. 1997); Wright & Miller, Federal Practice and Procedure § 1916 at 422-43.

In the second motion, defendant Hartford seeks to amend its pleadings to assert a counterclaim against Caudle and a third-party complaint against the Orleans Levee District.  The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and the trial court's discretion is not broad enough to permit denial of leave to amend "unless there is a substantial reason" to do so. Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 598 (5th Cir. 1981).  Thus, leave to amend "shall be freely given when justice so requires," Fed. R. Civ. P. 15(a), but "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted).  Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.  Futility means that the proposed amendment to assert a claim would fail to state a claim upon which relief could be granted. Stripling v. Jordan Prod. Co., LLC, 234 F.3d 863, 872-73 (5th Cir. 2000).

Motions for leave to file third-party complaints are governed by Fed. R. Civ. P. 14(a), and "[t]he district court is accorded 'wide discretion in determining whether to permit such third party procedure.'" McDonald v. Union Carbide Corp., 734 F.2d 182,

183 (5th Cir. 1984) (quoting Southern Ry. v. Fox, 339 F.2d 560, 563 (5th Cir. 1964)) (emphasis added).  In exercising this wide discretion, courts have considered a number of factors, including effectuating the purposes of Rule 14 (avoiding circuity of action and eliminating duplication of suits on closely related matters), whether other parties will be prejudiced, the unreasonableness of delay by the party asserting the third-party complaint and lack of substance to the third-party claim.  6 Wright & Miller, Federal Practice and Procedure § 1443 at 300-11 (West 1990).

Applying the foregoing standards and considering plaintiff's arguments in opposition to the motions, I find that both motions should be granted.  Caudle makes essentially three arguments in its opposition and supplemental memoranda: (1) the court lacks subject matter jurisdiction over the proposed intervention, third-party complaint and counterclaim; (2) the Eleventh Amendment to the United States Constitution precludes assertion of the claims involving the Orleans Levee District and (3) the Orleans Levee District's claims lack merit. All three arguments are unpersuasive.

First, although diversity of citizenship is the only basis for jurisdiction expressly alleged in the original complaint, Record Doc. No. 1 (Complaint at ¶¶ 1 and 2), it is clear from the remainder of the complaint, id. at ¶¶ 6-8, 11, that the basis of the original suit, like the claims that are the subject of the pending motions, is a flood insurance policy issued by a "Write-Your-Own" private insurer pursuant to the National Flood Insurance

4

Act of 1968. 42 U.S.C. § 4001 et seq. "[T]he law is well settled that federal common law alone governs the interpretation of insurance policies issued pursuant to the [National Flood Insurance Act]." Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 607 (4th Cir. 2002); accord Newton v. Capital Assur. Co., 245 F.3d 1306, 1309 (11th Cir. 2001); Hanover Bldg. Materials, Inc. v. Guiffrida, 748 F.2d 1011, 1013 (5th Cir. 1984).

Furthermore, the Fifth Circuit has ruled that the National Flood Insurance Act preempts "state law tort claims arising from claims handling by a [Write-Your-Own insurer]," specifically including claims such as the one asserted by Caudle in this case[1] under La. Rev. Stat. § 22:1220 for bad faith handling of insurance claims. Gallup v. Omaha Prop. & Cas. Ins. Co., 434 F.3d 341, 344 (5th Cir. 2005) (citing Wright v. Allstate Ins. Co., 415 F.3d 384, 387 (5th Cir. 2005); C.E.R. 1988, Inc. v. Aetna Casualty & Surety Co., 386 F.3d 263 (3d Cir. 2004); Gibson v. American Bankers Ins. Co., 289 F.3d 943 (6th Cir. 2002)). Caudle concedes in its supplemental memorandum that federal question jurisdiction exists over the original complaint.

Thus, this court has federal question jurisdiction over the original complaint, either under Section 4072 of the National Flood Insurance Act or under the federal question jurisdiction statute, 28 U.S.C. § 1331. See Palmieri v. Allstate Ins. Co., 445 F.3d 179,

---

[1] Complaint, Record Doc. No. 1, at ¶ 17.

5

184-85 (2d Cir. 2006) (finding jurisdiction under 42 U.S.C. § 4072); Studio Frames Ltd. v. Standard Fire Ins. Co., 369 F.3d 376, 379-80 (4th Cir. 2004) (finding jurisdiction under 28 U.S.C. § 1331 and declining to decide whether it exists under Section 4072); Gibson v. American Bankers Ins. Co., 289 F.3d 943, 946-47 (6th Cir. 2002) (finding jurisdiction under Section 4072); Downey v. State Farm Fire & Cas. Co., 266 F.3d 675, 680 (7th Cir. 2001) (finding that Section 4072 does not create jurisdiction but Section 1331 does); Newton, 245 F.3d at 1308-09 (same as Studio Frames); Van Holt v. Liberty Mut. Fire Ins. Co., 163 F.3d 161, 167 (3d Cir. 1998) (finding jurisdiction under both statutes).

Although no federal agency or officer is a party to the instant suit, it is instructive that Section 4072 of the National Flood Insurance Act ("the Act") provides for original, exclusive federal jurisdiction over a civil suit against the Director of FEMA that arises out of an alleged breach of a flood insurance policy:

> In the event the program is carried out as provided in section 4071 of this title, the Director shall be authorized to adjust and make payment of any claims for proved and approved losses covered by flood insurance, and upon the disallowance by the Director of any such claim, or upon the refusal of the claimant to accept the amount allowed upon any such claim, the claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property or the major part thereof shall have been situated, and original exclusive jurisdiction is hereby conferred

<u>upon such court to hear and determine such action without regard to the amount in controversy</u>.

42 U.S.C. § 4072 (emphasis added).

The circuit courts are divided over (and the Fifth Circuit has not yet ruled) whether the Act itself grants federal jurisdiction for breach of contract lawsuits against Write-Your-Own insurers, who issue and administer flood-risk policies as FEMA's fiscal agents. <u>Palmieri</u>, 445 F.3d at 185 (citing 42 U.S.C. §§ 4071(a), 4081(a)). However, as cited above, those courts that have declined to find jurisdiction under Section 4072 have found federal question jurisdiction over such lawsuits in 28 U.S.C. § 1331, the general federal question jurisdictional statute.

Because the claims asserted in the proposed intervention, third-party complaint and counterclaim that are the subject of the motions arise from the same flood insurance policy whose provisions were triggered by the same event (Hurricane Katrina) as those alleged in the original complaint, they are "so related to claims in the action within such original [federal question] jurisdiction [of the court] that they form part of the same case or controversy under Article III of the United States Constitution," and this court has supplemental jurisdiction over the claims. 28 U.S.C. § 1367(a).

Section 1367(b), which places limits on the court's supplemental jurisdiction in diversity cases,[2] applies only if diversity of citizenship is the sole basis of jurisdiction, which it is not in this case.  Even if diversity jurisdiction were the sole basis for the original complaint, however, Section 1367(b) would permit the court to exercise supplemental jurisdiction over the intervention of the Orleans Levee District as a plaintiff who asserts claims against Hartford, from whom it is diverse (even though Hartford's obligation, if any, to pay insurance proceeds to the Orleans Levee District arises out of the lease agreement between the Orleans Levee District and Caudle), and over Hartford's counterclaim against Caudle and its third-party claim against the Orleans Levee District, both of which are diverse from Hartford.

In its supplemental memorandum, Caudle argues that the court should decline under Section 1367(c)[3] to exercise supplemental jurisdiction over the Orleans Levee

---

[2]This section provides:

> In any civil action of which the district courts have original jurisdiction founded solely on section 1332 of this title, the district courts shall not have supplemental jurisdiction under subsection (a) over claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 of the Federal Rules of Civil Procedure, or over claims by persons proposed to be joined as plaintiffs under Rule 19 of such rules, or seeking to intervene as plaintiffs under Rule 24 of such rules, when exercising supplemental jurisdiction over such claims would be inconsistent with the jurisdictional requirements of section 1332.

Id. § 1367(b).

[3]This section allows the court to decline to exercise supplemental jurisdiction over a claim that is otherwise permissible under Section 1367(a) if

8

District's claim against Caudle because the claim is based on state contract law, which Caudle argues "substantially predominates over" the federal question claims. I cannot agree with this argument. As I have already stated, the claims asserted in the proposed intervention, third-party complaint and counterclaim arise from the same federal flood insurance policy whose provisions were triggered by the same event (Hurricane Katrina) as those alleged in the original complaint and are "so related to claims in the action within such original [federal question] jurisdiction [of the court] that they form part of the same case or controversy under Article III of the United States Constitution." Ultimately, Hartford seeks a declaratory judgment directing to whom it must pay the proceeds of the federal flood policy, while Caudle and the Orleans Levee District specifically seek those proceeds. It is entirely appropriate and efficient for the court and the parties to handle the interrelated state and federal law claims in one action in which the court has jurisdiction over all claims.

---

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

Id. § 1367(c).

9

As to plaintiff's second argument in opposition to the motions, the Orleans Levee District is not an "arm of the State" and is not entitled to Eleventh Amendment protection, which Caudle concedes in its supplemental memorandum. <u>Vogt v. Board of Comm'rs</u>, 294 F.3d 684, 686, 696 (5th Cir. 2002). Whether the Orleans Levee District's regulatory successor under newly enacted state legislation (Act I of the First Extraordinary Session of 2006, which took effect on January 1, 2007, well after these motions were filed) will also be its successor to the assertion of its claim or will be entitled to Eleventh Amendment immunity has not yet been, and need not be, decided at the current time. The party before me is the Orleans Levee District, not some other entity that did not exist when the Orleans Levee District moved to intervene.

In any event, the Eleventh Amendment is a bar to suits <u>against</u> States and their agencies. <u>Id.</u> at 688-89 (citations omitted). The Eleventh Amendment does not prevent the assertion of claims <u>by</u> States and their agencies in federal court, such as those that the Orleans Levee District asserts in its intervention. Even if the Orleans Levee District had such immunity, it may waive it and consent to the jurisdiction of the federal court by asserting such a claim. <u>Louisiana v. Bass Enters. Prod. Co.</u>, No. 04-2089, 2005 WL 2406155, at *1 n.2 (W.D. La. Sept. 29, 2005) (Doherty, J.) (citing <u>Pace v. Bogalusa City Sch. Bd.</u>, 403 F.3d 272, 277 (5th Cir. 2005)). Inasmuch as the Orleans Levee District invokes the jurisdiction of this court in its intervention against Hartford, it has waived

sovereign immunity, if any, and Hartford may then assert its own claim against the Orleans Levee District.

Finally, I cannot determine on the current record that the Orleans Levee District's claims lack merit. These are pleadings, not summary judgment or other dispositive motions. In my view, the proposed intervention cannot be characterized as futile. Whether these claims are ultimately determined to lack merit is best decided by permitting the claims to be added, so that discovery may be conducted and fact-based disposition may occur.

The intervention appears to be of right. The motions were timely filed under the court's scheduling order, Record Doc. No. 9, so that no undue or unreasonable delay in asserting these claims has occurred. There is ample time for all parties to prepare their claims and defenses for trial, so that no prejudice should occur. Judicial efficiency and economy and avoidance of circuity of actions and duplicative litigation are best achieved if the motions are granted and these substantially related claims are all resolved in a single action.

For all of the foregoing reasons, both motions are granted.

New Orleans, Louisiana, this __5th__ day of January, 2007.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE